# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM HAHNEL<br>Plaintiff<br>SONJA HAHNEL<br>Co-Plaintiff<br>V.<br>SANTANDER CONSUMER USA INC<br>Defendant<br>DRIVE FINANCIAL SERVICES, LP)<br>Co-Defendant | ) Case No. 3:11-cv-01300 (VLB)<br>)<br>) **Civil Rights Violations**<br>)<br>) **Trial By Jury Demanded**<br>)<br>)<br>) |

**DECEMBER 12, 2011**
**PLAINTIFFS' MOTION IN RESPONSE TO DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**

**COME NOW** the Plaintiffs William Hahnel and Sonja Hahnel and hereby respectfully submit their Motion in Response to the Defendants' Motion for More Definite Statement.

Plaintiffs, upon being granted leave from the Court, filed their Amended Complaint on Friday, November 18, 2011. Then, on Thursday, December 1, 2011, a week prior to the date required under Rule 12 Fed R. Civ. P. to provide Plaintiffs and the Court with the answer to that Amended Complaint, the Defendant SANTANDER CONSUMER USA, INC and the Co-Defendant DRIVE FINANCIAL SERVICES, LP, filed a Motion for More Definite Statement, alleging that the "Plaintiffs' claims are not set forth in numbered paragraphs" and that the "Amended Complaint is so vague and/or ambiguous that the Defendants cannot reasonably prepare a response."

The Defendants reject these claims by the Defendants, inasmuch as the Plaintiffs have indeed set forth their claims in the manner described in the Federal Rules of Civil Procedure 10(b):

**Rule 10. Form of Pleadings**

(b) Paragraphs; Separate Statements. A party must state its <u>claims or defenses</u> in <u>numbered paragraphs,</u> each limited *as far as practicable* <u>to a single set of circumstances</u>. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Short of further splitting the hairs of each of the 25 numbered paragraphs on pages 9 through 20 that describe a single set of circumstances, each into separate single <u>sentences</u> that describe that set of the circumstances, Plaintiffs submit to the Honorable Court that the numbered paragraphs set forth are completely sufficient with which Defendants may prepare responses. Plaintiffs submit to the Honorable Court that the allegations and claims are completely clear, and are neither vague nor ambiguous. Further, the supplemental Exhibits attached are fully explanatory and provide complete evidence of the allegations and claims set forth in the Amended Complaint. Plaintiffs submit that it is completely "reasonable" to believe that the Defendants could prepare responses, if they so desired. It has been almost four months since the Defendants became aware of the allegations. It has been almost two months since the Defendants were provided with the affidavits and the audio evidence of all telecommunication violations, during the filing process of the Report of the Parties' Planning Meeting under Rule 26(f). Plaintiffs even provided to the Defendants all evidence of all other allegations, arguments and exhibits that were inclusive of and filed in Plaintiffs' Motion in Opposition to Defendants' Motion to Dismiss <u>two weeks</u> in advance of the Plaintiffs' filing of that Motion, the filing of which was one month ago. Plaintiffs submit that the Defendants are simply attempting to prolong litigation and circumvent the points, the allegations and the claims by their filing of this Motion for More Definite Statement.

Plaintiffs submit to the Honorable Court that the Defendants are acting in bad faith by their filing of this Motion, after their filing of nothing but Requests for Extensions of Time to answer (and being granted those extensions of time by both the Plaintiffs and the Court), over the past three months.

Plaintiffs respectfully request that the Honorable Court deny any more of Defendants' motions in attempts to prolong litigation and to circumvent their pleadings, and Plaintiffs move that the Court deny Defendants' Motion for More Definite Statement and order that that the Defendants respond to the Amended Complaint forthwith, in accordance with Fed. R. Civ. P. 12.

*Trial by Jury Demanded*

Respectfully submitted this 12th day of December 2011.

William Hahnel, Plaintiff, *pro se*
169 Old Colchester Rd
Salem, Connecticut   06420
(860) 319-7159
ccco83@aol.com

Sonja Hahnel, Co-Plaintiff, *pro se*
24 Rose St
Baltic, CT   06330
(860) 949-8194 home and fax
(860) 319-7626
scostrosky@yahoo.com

## CERTIFICATE OF SERVICE

Plaintiffs hereby certify that they have mailed copies of the foregoing document: Plaintiffs' Motion in Response to Defendants' Motion for More Definite Statement, by first class mail, postage prepaid, on December 12, 2011 to the following counsel of record:

Tara L. Trifon, Esq.
Edwards Wildman Palmer, LLP
Counsel for SANTANDER CONSUMER USA, INC and DRIVE FINANCIAL SERVICES, LLP
20 Church Street
Hartford, CT   06103

On December 12, 2011

William Hahnel
169 Old Colchester Rd
Salem, CT   06420
(860) 319-7159

Sonja Hahnel
24 Rose Street
Baltic, CT   06330
(860) 949-8194 home and fax
(860) 319-7626