IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM HAHNEL AND SONJA HAHNEL,<br>    Plaintiffs,<br>v.<br><br>SANTANDER CONSUMER USA INC. ET AL.,<br>    Defendants. | CIVIL ACTION NO.<br>3:11-CV-1300-VLB<br><br><br><br><br><br>DECEMBER 30, 2011 |

### OBJECTION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO PLEAD

Defendant, Santander Consumer USA, Inc., successor by mergers to Drive Financial Services, L.P. ("Santander"), hereby objects to plaintiffs' motion for an extension of time (the "Motion"). Plaintiffs are improperly attempting to stall this litigation so they can try to convert their implausible claims into a viable cause of action and delay the enforcement of a valid motor vehicle installment contract against plaintiff William Hahnel. The Rules of Civil Procedure do not countenance such tactics.

Plaintiffs have already had two opportunities to plead a valid complaint against Santander but have failed to do so. After the first unsuccessful attempt, Plaintiffs unilaterally amended their complaint. Santander challenged the sufficiency of the amended complaint and the Court ordered plaintiffs to plead in accordance with the rules no later than January 11, 2012.

Plaintiffs now claim that an extension of time is necessary so that they may use the discovery process to determine whether "both Defendants" – referring to

the two remaining defendants in this case – are the responsible actors. As disclosed by the Corporate Disclosure Statement filed contemporaneously herewith (and as the undersigned previously informed plaintiffs) Santander is the successor by mergers to Drive Financial Services, LP. The remaining "Defendants" in the case are actually one and the same as a result of certain merger transactions. Thus, there is no need for plaintiffs to take discovery – especially without an operative complaint on the record – to attempt to distinguish between two entities which have admitted they are one and the same.

Further, Plaintiffs are not entitled to use Santander – again, especially before even filing an operative complaint – to attempt to discover information concerning other unspecified entities. The Motion disingenuously implies that Plaintiffs are unaware of a potential third party that "may have carried out some of the alleged violations." However, plaintiffs already sued and subsequently dismissed such a party, i.e., International Intelligence Agency. By virtue of their dismissal with prejudice of the only "third party" ever identified in this action, Plaintiffs are now proceeding only against Santander (as successor by mergers to Drive Financial). Plaintiffs should at least be required to actually assert a plausible claim against Santander before they are permitted to undertake a fishing expedition to attempt to spawn claims against other, as yet unidentified, third parties.

**Santander will, of course, timely respond to all proper discovery requests served by plaintiffs.[1] Plaintiffs should not, however, be permitted to further delay this action because they are unable to assert any plausible claims more than four months after commencing this action.[2]**

By /s/ Michael T. Grant
Michael T. Grant (ct27968)
Edwards Wildman Palmer LLP
111 Huntington Avenue
Boston, MA 02199
Tel: 617.239.0100
Fax: 617-227-4420
mgrant@edwardswildman.com

---

[1] As a gesture of good faith, on December 29, 2011, Santander provided plaintiffs with documentation evidencing Santander's ownership of the indebtedness of plaintiff William Hahnel at issue in this matter. As Santander's good faith attempts to settle this matter have been unsuccessful to date, Santander intends to file a counterclaim forthwith to enforce its right to repossess its collateral and collect the debt that Mr. Hahnel has failed and refused to pay for years.

[2] As an aside, the motion does not comply with Local Rule 7(b)(3) which requires the moving parties to certify that they have inquired of opposing counsel regarding his position with respect to the motion. Plaintiffs do not (and cannot) assert that they inquired of the undersigned's position with respect to the motion. Indeed, plaintiff Sonja Hahnel merely emailed the undersigned on December 28 – the date of the motion - and unilaterally asserted that plaintiffs are seeking an extension of time until they receive responses to their discovery requests.

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2011, the foregoing was filed electronically and will be sent by email to all parties by operation of the court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

By: /s/ Michael T. Grant
Michael T. Grant